FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

NOV 07 2012 ★

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                       :

JOSE VELASQUEZ,                          :

                 Petitioner,     :

                                           :

       - against -             :

UNITED STATES OF AMERICA,     :

                                         :

              Respondent.    :
----------------------------------------------------------  X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 5525 (BMC)

**COGAN**, District Judge.

Petitioner pled guilty to a one-count indictment (after his attorney succeeded in having a second count dismissed) for conspiracy to possess with intent to distribute 500 grams or more of cocaine. I sentenced him to 160 months custody, below the sentencing guideline range of 188 to 235 months. Petitioner appealed his sentence and the Second Circuit affirmed. United States v. Paredes, 394 F. App'x 734 (2d Cir. 2010) (summary order).

Petitioner now brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, arguing that he should be granted relief because he received ineffective assistance of counsel from his first counsel, who represented petitioner from shortly after his arrest through his guilty plea. Petitioner does not make an ineffective assistance of counsel claim against his second attorney, who entered the case just prior to petitioner's guilty plea. Petitioner's specific arguments are that (1) his initial counsel failed to effectively assist him in earning a cooperation agreement; and (2) initial counsel failed to properly advise him on whether his plea would be more favorable if it

were pursuant to a cooperation agreement and on how important a cooperation agreement would be in the Court's determination of what sentence to impose.[1]

As a threshold matter, it is important to note that the Government has the sole discretion to offer, or not to offer, a defendant a cooperation agreement. See 18 U.S.C. § 3553(e). The Government makes it clear in opposing the petition, as it did at sentencing, that despite several proffer sessions, the Government could not justify offering petitioner a cooperation agreement based on petitioner's lengthy criminal history (Category VI as a career offender, with much violence a part of that), the absence of any criminal history on the part of the suspect against whom petitioner attempted to cooperate, and the lack of actionable and corroborated information.

Furthermore, the Government's discretion in determining whether to file a section 5K1.1 motion for a defendant's substantial assistance is broad. See United States v. Brown, 321 F.3d 347, 354 (2d Cir. 2003) (stating that "the government's discretion is . . . limited by an obligation of good faith and fair dealing"). If the Court thinks the Government has abused that discretion, it is free to depart based on its own evaluation of a defendant's cooperation. However, while the Court can often determine whether a defendant did his best to give whatever assistance he could give, it is, as a practical matter, very difficult for the Court to conclude that the Government failed to appreciate and properly use that assistance. This is obviously because it is the Government, not the Court, that initiates and maintains investigations and, ultimately, prosecutions. See United States v. Rexach, 896 F.2d 710 (2d Cir. 1990).

---

[1] Although petitioner provided three grounds for bringing his ineffective assistance of counsel claim, grounds two and three are in fact the same argument, stated in different ways.

2

In determining an ineffective assistance of counsel claim, the familiar Supreme Court precedent is the two-part inquiry set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, a petitioner" must show that counsel's performance was deficient." <u>Id.</u> at 687. The Supreme Court held that the proper standard for judging attorney performance is that of "reasonably effective assistance." <u>Id.</u> at 687-88. In other words, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness." <u>Id.</u> Second, the petitioner "must show that the deficient performance prejudiced the defense." <u>Id.</u> The test for prejudice is whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Petitioner cannot satisfy either of the <u>Strickland</u> criteria. After three proffer sessions that petitioner's initial counsel set up, the Government determined that it was not going to offer petitioner a cooperation agreement.   A defense lawyer is not required to get blood out of a stone. Petitioner points to nothing more specific that his counsel could or should have done, except for one thing:  counsel sent a legal assistant to the second proffer session instead of attending himself.  But petitioner fully participated at the second session and he points to nothing that would have changed had his counsel been present.  Moreover, the Government has pointed out, in opposing the instant petition, that petitioner's initial counsel "made numerous attempts over the phone and at court appearances to lobby the [G]overnment on behalf of [petitioner] to get him a cooperation agreement."  I agree with the Government that the fact that initial counsel was able to set up three separate proffer sessions is some evidence that counsel was trying hard to get a cooperation agreement, but the Government just wasn't biting.  Objective reasonableness does not require an outcome that cannot be obtained.

3

Petitioner also has a causation problem with his argument and therefore cannot prove that the alleged deficient performance of his counsel prejudiced his position. He thinks very highly of his second appointed counsel, but that counsel couldn't get a cooperation agreement either, after trying everything he could prior to sentence to convince the Government to reconsider its refusal to give petitioner a cooperation agreement. His second counsel also did everything he could at sentencing to convince me to give petitioner the same credit he would receive if he had been given a cooperation agreement. And as the sentencing transcript reflects, counsel had some success at that, as I expressly found that petitioner essentially did everything he could to assist the Government, and I took it into account favorably in determining the sentence. However, defense counsel and I had a similar problem in determining the value of this information, which, as I noted at sentencing, is the other side of the equation under U.S.S.G. §5K1.1. The Government explained that it had been unable to corroborate the most important parts of petitioner's disclosures, and because of his extensive criminal history, this substantially minimized any value the information might have. I could not find fault with that reasoning at sentencing, and petitioner has offered nothing new in this habeas petition that would allow me to now.

Even assuming that petitioner's first counsel was not as persuasive as his second counsel might have been (or, more precisely, as persuasive as an objectively reasonable lawyer would have been), petitioner has no complaint about his second counsel's efforts, even though he could not get it done either. To the extent petitioner may be suggesting that his first counsel should not have allowed him to proffer without first obtaining a cooperation agreement (it is not clear if he is suggesting that), that of course is not the way it works; the Government does not offer cooperation agreements until it has the opportunity to evaluate the proffer.

4

Petitioner's second point – that his first lawyer did not adequately apprise him of how important a cooperation agreement would be – is meritless based on his own allegations. He acknowledges that he put on a full court press in an effort to get a cooperation agreement. He does not suggest that he would not have pled guilty had he understood how important a cooperation agreement is. His "inadequate advice" claim is indeed specious, because petitioner, an experienced criminal, had previously obtained a cooperation agreement in connection with a prior conviction, so he well knew its value. That is why he and his two lawyers were trying as hard as they could to get one here.

This latter point reflects, as is sometimes the case in a <u>Strickland</u> analysis, that the objective reasonableness standard and prejudice points are intertwined. Petitioner simply was not prejudiced because there was nothing more either of his counsel could have done to get him a cooperation agreement. As noted earlier, his argument ultimately devolves into a claim that the Government was unreasonable in not giving him a cooperation agreement. But I could not find that at sentencing and I am no more able to find it here. Once that claim is rejected, there can be no ineffective assistance of counsel claim.

With regard to petitioner's request for a hearing on his petition, I agree with the Government that there is no need for one. Both the Government in its opposition and I in this decision assume the truth of the non-conclusory facts stated by petitioner. Those facts simply do not legally entitle him to relief. Because there are no disputed facts, a hearing is not required. See <u>Porras v. United States</u>, No. 00 cv 2244, 2004 WL 1064754 (E.D.N.Y. May 11, 2004) ("the mere fact that Porras provided information to the government is insufficient to warrant a hearing into the possible bad faith of the government in not providing a § 5K1.1 letter."). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy

or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive." Wade v. United States, 504 U.S. 181, 186, 112 S. Ct. 1840, 1844 (1992). "[A] defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." Id.  It is clear that petitioner has failed to make one.

Accordingly, the petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner.  A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      November 6, 2012

6